May it please court judge. My name is Jim Ball, I represent the appellant Mr. Huazo. May I have eight minutes in my direct and if I can at least preserve two minutes for rebuttal. Just watch the clock. Okay great. Thank you very much your honor. The issue in this case as I perceive it is that the district court erred when approximating the drug quantity in regards to Mr. Huazo. The pre-trial statements dealing with Miss Islis where she approximated that Mr. Huazo delivered approximately 12.7 kilograms of methamphetamine into the state of Idaho and I think this whole issue centers around those pre-trial statements. The district judge, Judge Smith, who was not the trial judge during the case, essentially at the sentencing hearing made the statement that she testified to approximately 12.7 kilograms which is what the government at the time suggested. Just so the court has in my excerpts of record under I believe it is 317 line 9 the court says Islis she testified as to other quantities that have been delivered prior to controlled by. Unfortunately she never did testify to that and that's the whole issue. What she testified to at the trial had to center around that she saw no drugs being delivered. I have excerpts of record 175 line 6 question what did the meth look like line 7 answer I only saw the amounts that would go into the pipe itself as far as anything else I do not know. Excerpts of record 175 line 20 did you ever see the drugs that you delivered answer no sir question why not answer I wouldn't be able to say and she goes on to testify excerpts record 176 line 20 how did you know there were drugs in there she was referring to the backpack that was found October 30th answer line 21 I didn't know that they were actually drugs because I never actually saw it. Excerpts of record 186 line 5 she was in she was in this whole procession she knew very well I mean we can we can chip at it but yeah they were making trips from Salinas on different occasions with a bag full of something to deliver to this guy and the guy who the people who are getting it think they're getting drugs and they're doing all these fancy things in the car one car another car she's not in the car with a drug she is she gets there and she delivers it okay it's a little bit hard to say there's you can't have an inference so what they were doing was guess what delivering drugs particularly at the proponents of the evidence level now she also makes statements before trial indicating how much she took each time I didn't notice anything in the sentencing transcript that indicated her credibility regarding the amount of drugs she said she was delivering. I saw all kinds of things on oh gosh this is really too high too much you really shouldn't give this guy such a big sentence or you really should pay attention to what what's his face the buyer said I didn't see anything saying you know she's not really credible and here's why she's not credible judge I didn't see that well yeah well it was interesting because well it was interesting I'm sorry what was interesting because those statements were made in what we call a debriefing essentially the pretrial statements to the investigators and when it came to trial she testified she essentially didn't have any testimony whatsoever of quantity of drugs whatsoever and so there we go there we go yeah reliable when she said the quantities but you never told the sentence the sentencing judges never talk correct now do you you quoted the court the court does say she testified as to other quantities but he picked out the 16.69 and you know that that's based on what the four trips that she originally talked about in the pretrial debriefing correct that's what the judge seems to have gone on he took what she said and then there's another person whose name just escaped me anyway there's another fellow that got cited who corroborates the number of trips so that there is some corroboration going along with what judge Fernandez just said I was troubled by the fact that you're seizing upon the courts use of the word testify there's nothing in the sentencing proceeding to say oh no judge she didn't testify to that and to sort of flush out the problem that you're now telling us we should hang it on the district courts use of the word testify when you can look at the record and see that there was enough information from Eastlis corroborated by another witness the the bookkeeper person and it's a district court for the calculation of name how do you address that well I would think the trial counsel at the times essentially filed a motion objecting to any of balance I guess in addition that were foreseeable they made a motion and they were essentially asking that the district court use the quantity of the drugs that were found at the time of the arrest which I believe were the October 30th 2007 arrest I think they made that motion at a district court level I agree with the court it wasn't really flushed out it seems like feel feel is the name I was looking oh I'm sorry yeah well in regards to her testimony which was interesting what I found excerpts record 136 that hurt when she testified she testified that she saw two pounds when she was initially involved and that's a picture to record 136 and then she testified to a seven pound which was an excerpt of record 143 and so calculating in that out that's only nine pounds that she ever witnessed and so we have a Miss Isla said there was 28 pounds and she corroborated only seven didn't Eastlis tell investigators that she assisted the defendant in delivering at least four pounds of meth approximately seven times during the year that she worked for that's 28 pounds equal to about 12.7 kilos correct now you saying that we have that has to be excluded somehow we can't take that into that the the sentencing judge cannot take that into account I think they can take an account but the judge has to find out if that testimony is reliable but but there is no attack on her reliability is there in the record well I think there's a type and there's attack on her reliability in a record in regards to the trial where she testified that a lot of times she was on methamphetamine she even testified that she was only the tester she was only involved because she tested the methamphetamine so when they got it she would snort it or smoke actually she would smoke it just to make sure it was the right kind of stuff wait a minute now you're again I'm troubled because I've got your brief here I've got your got what was by your predecessor trial counsel the trial counsel is in a dialogue here with the court in some respects at 317 that you cite and Gulfstream is Gulfstream the defense counsel that's correct okay and he says and that conclusion would be based on Judith Eastlis right as credible and also cooperating witnesses co-defendants everybody involved now there's you're saying well what the judge failed to do then was to explain why he found her when there was no argument presented yeah my understanding of the rule is at least the case law the judge still has to determine whether or not that that drug quantity would be reliable based among Kilby that even though it may be foreseeable is that he said I've gone through this I'm trying to get I'm trying to rule in your clients your clients favor I'm looking and I'm going below what the government's trying to get to and I've got these objective if you will quantitative markers that judge O'Scanlan just noted you take the man I do the math and you've got feel who says she delivered 30 pounds so I'm just having trouble coming after the fact and suggesting why the district court flunk the test yeah I understand well I'm going to submit that it's very confusing the way this whole thing turned out in regarding to the 30 pounds that whole 30 pounds was not my clients distribution remember there was another person involved mr. Santoyo they talked about rock croquet inverse re-rock versus shards and some of that 30 pounds that are due with the shards and so not all that 30 pounds would substantiate miss Islis's testimony I see my times thank you counsel your time has expired we'll hear from the government may it please the court may proceed my name is Christian asker I'm appearing for the government I am here in trial counsel's absence who's currently involved in another trial obviously you spent the majority of the time talking about the second issue and that's whether the drug calculation of the base offense level of 38 is appropriate I think when your honor is focused on the sentencing judges statements on excerpts of record 317 it would be improper to see if the trial court was basing the base offense level solely on one person and I think it's clear from the record that judge Smith was attempting to look at the testimony as well as the pre-trial pre-trial statements of all the members involved specifically in addition to stating that he believed you decides this was credible he referred to that he also considered the cooperating witnesses the co-defendant and everyone involved obviously there is a lot of varying quantities depending on who you talk to and when you talk to him Santoyo originally and the PSR adopted 90 pounds that should be held accountable for the defendant he then obviously changed that at trial and was somewhere around 12 pounds Judith was didn't testify about the prior transactions during the trial but she obviously pre-trial talked about the seven occurrences where she trafficked at least four pounds on the defendant's path and so you also have Nikki feel who talks about four to ten pounds and it's important to note that Nikki feel was only involved in the conspiracy for a short period of time and so her weight I believe she put approximately 30 pounds from the defendant but she also talked about how Todd her boyfriend owed $81,000 to the defendant for past meth you know and it's $16,000 a pound you know that's five pounds just there for approximately a third of this conspiracy and so I believe the trial court adequately stated its reasons and and as you stated there was no dispute as to Judith and so they erred on the side of caution there was no discussion as to the first point does any of your honors have any questions as to the defendants sufficiency of the evidence argument on the 924 scene I guess not counsel anything further no thank you counsel the case just argued will be submitted for decision
judges: O'scannlain, Fernandez, Fisher